■ EDWARDO GALLERIES, LTD., Respondent-Appellant, v FEDERAL EXPRESS CORPORATION, Appellant-Respondent. [773 NYS2d 550]—

Judgment, Supreme Court, New York County (Saralee Evans, J.), entered February 18, 2003, which, upon a verdict in plaintiff's favor after a nonjury trial, awarded plaintiff damages in the principal amount of $15,000, unanimously modified, on the law and the facts, the principal amount of the award increased to $35,000, and otherwise affirmed, without costs, and the matter remanded for entry of an appropriate judgment.

For this shipment, which consisted of two porcelain figurines, defendant's airbill contained a liability limitation of $500 per item. However, that limitation no longer applied when plaintiff identified the goods being shipped and declared a maximum value per item of $25,000, paying an additional fee based on that valuation. Instead of refusing shipment on that condition, defendant accepted the items at the declared value, along with the additional fee, and thus became bound by the consequences (*Williams Dental Co., Inc. v Air Express Intl.*, 824 F Supp 435, 440 [SD NY 1993], *affd* 17 F3d 392 [1993]).

Where a limited liability provision does not apply, the measure of damages is generally the market value of the goods shipped, to be determined at the place of destination at the time of delivery (*see Rodriguez & Co. v Moore-McCormack Lines*, 32 NY2d 425 [1973]; *Goltzman v Rougeot*, 122 F Supp 700, 706 [D La 1954]), but not to exceed the declared value set by the parties. The trial court improperly fixed the damages at the wholesale value (plaintiff's cost), rather than the proven retail market value (the contracted sales price) at the point of delivery. Concur—Buckley, P.J., Mazzarelli, Sullivan, Friedman and Gonzalez, JJ.